IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL D. SIMPSON,[1]　　　　　§
　　　　　　　　　　　　　　　§　No. 96, 2014
　　Petitioner Below-　　　　　　§
　　Appellant,　　　　　　　　　§
　　　　　　　　　　　　　　　§　Court Below—Family Court
　　v.　　　　　　　　　　　　　§　of the State of Delaware,
　　　　　　　　　　　　　　　§　in and for Sussex County
HANNAH STARK,　　　　　　　　§
　　　　　　　　　　　　　　　§　File No. CS07-02817
　　Respondent Below-　　　　　　§　Petition No. 13-1882
　　Appellee.　　　　　　　　　　§

Submitted: July 25, 2014
Decided:　 August 27, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## ORDER

This 27th day of August 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)　The appellant, Daniel D. Simpson ("the Father"), filed this appeal from the Family Court's January 27, 2014 order granting the Father and the appellee, Hannah Stark ("the Mother"), joint legal custody and shared physical placement of their minor daughters. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the decision of the Family Court.

(2)　The parties are the parents of a daughter born on May 4, 2007 and a daughter born on December 7, 2008 (collectively, "the Children"). After the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

parents ended their relationship, they alternated placement of the Children based upon their work schedules. On May 2, 2013, the Father filed a petition for primary custody of the Children. The Mother filed a cross-petition for primary custody of the Children.

(3) The Family Court held a hearing on the petitions on January 27, 2014. The Father was represented by counsel, while the Mother appeared *pro se*. The Father presented five witnesses including himself, a daycare operator, the daycare operator's daughter, a hairdresser who was a friend of the Father, and his mother. The Mother presented two witnesses, including herself and her mother. The Family Court also interviewed the Children. At the conclusion of the hearing, the Family Court reviewed the best interest factors set forth in 13 *Del. C.* § 722 and the evidence regarding each factor. The Family Court concluded that none of the factors favored one parent over the other and ordered that the parents share joint legal custody of the Children and residential placement of the Children on a week on, week off basis. The Family Court entered an order reflecting its rulings at the January 27th hearing. The Father filed this appeal.

(4) On appeal, the Father contends that: (i) he provides a more stable environment for the Children because he has been at the same address for six years and the Mother has resided at several different places and is currently staying at a motel; (ii) he has no criminal history and the Mother has a criminal history; (iii) the

Mother has been accused of using drugs and did not take a drug test as requested in the proceedings below; (iv) he has been steadily employed and the Mother only works part-time; (v) multiple witnesses testified at the January 27, 2014 hearing that they did not believe the Mother was caring for the Children as well as she had previously; and (vi) the parties' older daughter is missing too much school while staying with the Mother. In her answering brief, the Mother disputes the Father's claims and contends that the Father upsets the Children by verbally abusing her.

(5)  This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[5]

(6)  Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child.[6] The criteria for determining the best interests of a child are set forth in 13 *Del. C.* § 722. Under Section 722, the Family Court must consider all relevant factors including: (i) the wishes of the parents regarding the child's

---

[2] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[3] *Id.*

[4] *Id.*

[5] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[6] 13 *Del. C.* § 722.

custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance by both parents with their rights and responsibilities to the child under 13 *Del. C.* § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household.

(7) The transcript of the January 27, 2014 hearing reflects that the Family Court reviewed all of the Section 722 factors and concluded that: (i) the wishes of the parents did not weigh in favor of one parent over the other because both parents wanted to have primary residential placement of the Children; (ii) the wishes of the Children did not weigh in favor of one parent over the other because the Children indicated that they liked spending time with both parents and would like it if their parents got back together; (iii) the Children had good relationships with both sides of the family and, in response to questions concerning the Mother's new boyfriend, appeared to be at ease with him, so that factor did not weigh in favor of one parent over the other; (iv) there was no indication that the Children were not doing well in

4

school so that factor was neutral; (v) there was insufficient evidence to show that the Mother was using marijuana and the Children indicated that the Mother did not use marijuana, although the Father told them that she did, so the factor concerning the physical and mental well-being of the individuals involved did not weigh in favor of one parent over the other; (vi) the parents' compliance with their rights and responsibilities as parents was the subject of a great deal of "he said, she said" testimony and this factor did not weigh in favor of one parent over the other; (vii) there was testimony regarding a protection from abuse order the Mother obtained against the Father in 2007, but that had been lifted by the time of the birth of their second child; and (viii) a review of the various individuals' criminal histories (the Father's record was limited to driving offenses and the Mother's record included drug charges in 2005, driving offenses, and charges arising from items she took from the Father's residence after their relationship ended) did not raise significant concerns. The Family Court expressed concern regarding the parties' failure to communicate, but was encouraged that the Mother and the paternal grandmother appeared to have a working relationship. The Family Court also noted that there was some instability in the Mother's housing situation and that the Mother represented that she was signing a lease the next day. The Family Court concluded that the parties should share joint legal custody and continue to share residential placement of the Children, but on a week on, week off basis going forward.

(8)     As the transcript of January 27, 2014 hearing reflects, the Family Court considered most of the issues raised by the Father in his opening brief and, after hearing the testimony of the witnesses and interviewing the Children, concluded that it was in the best interests of the Children for their parents to share joint legal custody and residential placement.  The April 2014 school attendance report that the Father submitted with his opening brief and his contention that the Mother is currently staying at a motel (which the Mother denies) were not before the Family Court in the first instance and cannot properly be considered by the Court on this appeal.[7]  Under the circumstances, we find no error or abuse of discretion in the Family Court's ruling.  The Family Court correctly applied the law and considered all of the best interest factors under 13 *Del. C.* § 722.  The Family Court's conclusions are supported by the record and were the product of an orderly and logical deductive process.  Accordingly, we affirm the Family Court's decision that it was in the Children's best interests for their parents to share joint legal custody and residential placement.

---

[7] *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) (stating "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court" and striking materials from appendix that were outside of record on appeal).

6

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice